IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Robert H. Hodges)

No. 06-505 T

BECKER PARTNERS, by and through
Kathleen Becker, a Partner Other Than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

ANSWER

The defendant, the United States, by and for its first defense to the plaintiff's complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

**I. THE PARTIES**

1. Denies that Becker Partners is, or was at any time, a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1.

2-3. Denies that Becker Partners is, or was at any time, a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 2 and 3.

4. Denies that Becker Partners is, or was at any time, a valid partnership for federal tax purposes. Denies the allegations of the second sentence of paragraph 4. With respect to the second sentence of paragraph 4, states that on or about September 7, 1999, a Form 1065 marked "final" was filed by Becker Partners for the tax period ending in July 1998. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4.

5. Denies that Becker Partners is, or was at any time, a valid partnership for federal tax purposes. Denies the allegations of the second sentence of paragraph 5. With respect to the second sentence of paragraph 5, states that on or about September 5, 1999, a Form 1065 was filed by Becker Partners for the tax period ending in December 1998. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5.

6. Denies that Becker Partners is, or was at any time, a valid partnership for federal tax purposes. Admits that Becker Partners' taxpayer identification number is 43-1818459. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.

7-8. Admits the allegations of paragraphs 7 and 8.

9. Admits that plaintiff's complaint challenges the adjustments made by the July FPAA, denies that plaintiff is entitled to relief. Further admits that a second complaint has been filed to challenge the December FPAA, and denies the plaintiff in that matter is entitled to relief.

10. Admits that the defendant is the United States of America.

## II. JURISDICTION

11. States that jurisdiction exists, if at all, pursuant to 28 U.S.C. § 1508.

12. Admits that Form 1065 for Becker Partners for the period ending December 31, 1998, was filed with the Service on or about September 5, 1999.

13-14. Admits the allegations of paragraphs 13 and 14.

15. Admits only that on June 1, 2006, the amount of $3,475,000 was credited to Richard C. Becker's tax account for the period ending December 31, 1998. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15.

16. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16.

17-22. Denies that Becker Partners is, or was at any time, a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 17 through 22.

## III. DESCRIPTION OF THE SHELTER

23-28. Denies that Becker Partners is, or was at any time, a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 23 through 28.

**IV. THE FPAAS**

29. Admits the allegations of the first and third sentences of paragraph 29. Denies the allegations of the second sentence of paragraph 29 as characterizations of the July FPAA which speaks for itself. By way of further answer, admits that among the adjustments made by the FPAA the Service decreased the outside basis in Becker Partners by the amount of $11,006,872.

30. Admits the allegations of the first and third sentences of paragraph 30. Denies the allegations of the second sentence of paragraph 30 as characterizations of the December FPAA which speaks for itself.

31. Admits that plaintiff's complaint challenges the adjustments made by the December FPAA, denies that plaintiff is entitled to relief. Further admits that a second complaint has been filed to challenge the July FPAA, but denies the plaintiff in that matter is entitled to relief.

**V. THE SERVICE'S DETERMINATIONS**

32-33. Denies the allegations of paragraphs 32 and 33.

34. Admits that the July FPAA made the determinations as alleged, but denies the determinations are in error.

**VII. BURDEN OF PROOF**

35. Denies the allegations of paragraph 35.

**VII. BECKER PARTNER'S ERRONEOUS TREATMENT OF TAX ITEMS**

36-54. Denies the allegations of paragraphs 36 through 54.

## VIII. PRAYER

WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant and against plaintiff, determining that the adjustments made by the FPAA issued to Becker Partners with respect to the partnership items for the period ending December 31, 1998, are correct; dismissing plaintiff's complaint; and granting such other and further relief as is just and proper.

Respectfully submitted,

s/ David R. House

DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366
(202) 540-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims

s/David Gustafson